KELLER *v.* FRASER STAMPING COMPANY.

This case is controlled by *Halfacre* v. *Paragon Bridge & Steel Company,* 368 Mich 366.

CARR, C. J., and DETHMERS and KELLY, JJ., dissenting.

Appeal from Workmen's Compensation Appeal Board. Submitted June 6, 1962. (Docket No. 9, Calendar No. 49,495.) Decided December 4, 1962.

Peggy Keller presented her claim against Fraser Stamping Company, employer, and Highway Casualty Company, insurer, for compensation because of injury to hand in punch press while employed as minor. Award of single compensation. Plaintiff appeals. Reversed and remanded for award of double compensation.

*Kelman, Loria, Downing & Craig (George L. Downing,* of counsel), for plaintiff.

*Metry, Metry & Sanom (John L. Nagy,* of counsel), for defendants.

Souris, J. This case presents the same question decided today in *Halfacre* v. *Paragon Bridge & Steel Company*, 368 Mich 366. In *Halfacre*, the appeal board affirmed double compensation. In this case, on essentially the same significant facts, it affirmed an award which denied claimant double compensation.

Reversed and remanded for further proceedings in accordance with *Halfacre* v. *Paragon Bridge & Steel Co.*, 368 Mich 366. Costs to appellant.

Kavanagh, Otis M. Smith, and Adams, JJ., concurred with Souris, J.

Black, J., concurred in result.

Carr, C. J. *(dissenting)*. In this case plaintiff obtained employment by defendant Fraser Stamping Company by misrepresenting her age, claiming in her application for such employment that she was 18 years of age while in fact she was a few days under 18. She was injured on her first day of work. It appears from the record that plaintiff had been married for 2 years and had a child 7 months of age at the time of her application. Defendant in hiring plaintiff did not question her representation that she was past 18. Prior to such application she had been employed by another company. Defendant did not question the correctness of her statements as set forth in her application, and apparently had no reason for doing so. The deception was deliberate and was responsible for her being employed.

The referee hearing the case on plaintiff's application for compensation stated in his opinion that from his observation she appeared to be of the age represented. In denying the request for double compensation the referee also commented on her claim that she had been married for more than 2 years. As a

matter of fact she was 15 at the time of such marriage. An award of single compensation was made which the workmen's compensation appeal board affirmed, specifically holding that plaintiff was not entitled to double compensation. Plaintiff's application for leave to appeal from such order was granted by this Court. Mr. Justice Souris has written for reversal for the reasons set forth by him in his opinion in *Halfacre* v. *Paragon Bridge and Steel Company,* 368 Mich 366, decided herewith.

For the reasons set forth in our opinion in the *Halfacre Case* (pp 366, 390) the order of the appeal board should be affirmed. Here, as there, there was deliberate deception on the part of plaintiff and she should not be allowed to profit thereby.

The order should be affirmed, without costs.

DETHMERS and KELLY, JJ., concurred with CARR, C. J.